IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

LUTHER JOHNSON,

                      Plaintiff

        VS.

SHELLIDA SIMMONS, *et al.*,

                      Defendants

NO. 5:06-CV-412 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# RECOMMENDATION

The defendants have filed a motion to dismiss this action, contending that the plaintiff LUTHER JOHNSON has not exhausted all of the administrative remedies available to him through the prison grievance procedure, as is required by the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. §1915(e). Tab #28. Plaintiff responded to the defendants' motion (Tab #30) and the undersigned ordered a more specific response. Tab #31. Plaintiff has since filed four additional responses to the defendants' motion. Tabs #32, #33,#34, and #36. The defendants submitted a reply on May 18, 2007. Tab #35.

In the undersigned's order dated May 8, 2007, the plaintiff was ordered to "demonstrate to the court that he has exhausted all available administrative remedies as required by the PLRA." Tab #31. Despite filing three additional responses, the plaintiff has failed to provide anything other than his unsworn responses, one of which alleges that he "appealed [his] grievance and it was deni[ed]" (Tab #34), another of which apparently contradicts the first, citing that the Executive Assistants had not responded to the plaintiff's grievance that he appealed on November 7, 2006. Tab #36.

Accordingly, since plaintiff JOHNSON has failed to demonstrate that he has exhausted his administrative remedies, IT IS RECOMMENDED[1] that the defendants' Motion to Dismiss (Tab #28) be GRANTED and the instant action be DISMISSED *without prejudice.*[2]

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 23rd day of MAY, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned is mindful that there does exist a possible dispute of fact regarding the plaintiff's exhaustion of administrative remedies, but the undersigned has given the plaintiff ample time to demonstrate that he has exhausted the remedies as required by the PLRA and plaintiff has failed to do so. If a prisoner-plaintiff were permitted to go forward with a case where the only evidence of his exhaustion were his unsworn pleadings, the goal of the PLRA – curtailing frivolous and abusive prisoner litigation – would be thwarted.

[2] All dismissals for failure to exhaust administrative remedies must be without prejudice.