IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **LUTHER JOHNSON,** | : | |
| Plaintiff | : | |
| VS. | : | 5:06-CV-412 (CAR) |
| **SHELLIDA SIMMONS,** *et al.*, | : | |
| Defendants | : | |

### *ORDER ON THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

Before this Court is the United States Magistrate Judge's Recommendation (Doc. 37) that Defendants' Motion to Dismiss (Doc. 28) be granted without prejudice. Plaintiff filed no Objection to the Recommendation. The Court, having considered the record, agrees with the Recommendation. Accordingly, the Recommendation is **ADOPTED AND MADE THE ORDER OF THE COURT**.

### *DISCUSSION*

Plaintiff LUTHER JOHNSON, an inmate at Jackson State Prison, brought this action under 42 U.S.C. § 1983 in the United States District Court for the Northern District of Georgia on November 6, 2006, against Defendants SHELLIDA SIMMONS, LATOYA TROY, and Warden WILLIAM TERRY, all employees at the prison. In his complaint, Plaintiff alleges that on October 16, 2006, he was assaulted by certain inmates and suffered an eye injury. On December 1, 2006, the District Court for the Northern District of Georgia transferred the action to this Court. Defendant Terry was subsequently dismissed upon the recommendation of the Magistrate Judge.

The remaining Defendants then filed a Motion to Dismiss the complaint, contending that Plaintiff had failed to exhaust all of the administrative remedies available via the prison's grievance procedure as required by the Prison Litigation Reform Act of 1995 (PLRA), which provides:

> "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

42 U.S.C. § 1997e(a). (Defs.' Reply Br., Doc. 35, p. 3-4.) Defendants also submitted Plaintiff's Grievance History to support their contention that no appeal had been sought. (Defs.' Mot. to Dismiss, Exh. A, Doc. 28-3.) On May 8, 2007, Plaintiff was ordered to reply to the Motion to Dismiss and demonstrate that his administrative remedies had properly been exhausted. This Plaintiff has failed to do, despite his submission of four (4) responses. In one of his unsworn responses, Plaintiff claims that he "[a]ppealed [his] grievance and it was deni[ed]," but this is contradicted by a later response, which stated that the Executive Assistants had not responded to the Plaintiff's grievance that he appealed on November 7, 2006. (Pl.'s Add'l Resp. Br., Doc. 34; Pl.'s Add'l Resp. Br., Doc. 36.

The Court cannot accept Plaintiff's unsworn response as sufficient proof demonstrating that he has properly exhausted his administrative remedies in accordance with 42 U.S.C. § 1997e(a). Consequently, Plaintiff has failed to show that the administrative process has been exhausted. For this reason, the Court agrees with the Magistrate Judge's Recommendation, and therefore adopts that Recommendation. Defendants' Motion to Dismiss is hereby **GRANTED** and the instant action **DISMISSED** without prejudice.

**SO ORDERED**, this 30th day of July, 2007.

                                                          S/ C. Ashley Royal  
                                                        C. ASHLEY ROYAL  
                                                        UNITED STATES DISTRICT JUDGE

DHD/aeg